# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LAWRENCE M. PLEVIN,

          Plaintiff,

v.                                Case No:  6:15-cv-412-Orl-41KRS

US BANK NATIONAL ASSOCIATION
and CITIMORTGAGE, INC.,

          Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration by the Court after review of Defendants' motions to dismiss.  Doc. Nos. 10, 26.[1]  The United States Court of Appeals for the Eleventh Circuit has instructed district courts "to initiate an inquiry into our subject-matter jurisdiction whenever we become concerned that it may not exist."  *Gilchrist v. State Farm Mut. Auto. Ins. Co.*, 390 F.3d 1327, 1330 (11th Cir. 2004).

## I.  PROCEDURAL BACKGROUND.

On March 13, 2015, Plaintiff Lawrence M. Plevin filed a complaint against Defendants US Bank National Association, as Trustee for Florida Mortgage Resolution Trust, Series 2014-4 ("US Bank"), and CitiMortgage, Inc. ("CitiMortgage") alleging fraud and negligent misrepresentation. Doc. No. 1.  Specifically, Plevin alleged that Defendants presented false information in support of a foreclosure claim, filed these documents with the state court, and obtained a foreclosure with no

---

[1] These motions were referred to the undersigned for issuance of a Report and Recommendation in July 2015.

legal authority to do so.  *Id.* ¶ 18.  Plevin asserted that the Court has subject-matter jurisdiction based on diversity of citizenship, 28 U.S.C. §1332.[2]  *Id.* ¶ 5.

On August 26, 2015, I entered an Order to Show Cause requiring the parties to file memoranda of law addressing the application of the *Rooker-Feldman* doctrine to this case and showing cause why the Court should, or should not, dismiss the case for lack of subject-matter jurisdiction.  Doc. No. 30.  I instructed the parties that their memoranda should be supported by evidence in the form of sworn statements which should authenticate any documents a party relied on in support of his or its position.  *Id.* at 2.  The parties have each responded to the Order to Show Cause.  Doc. Nos. 33, 34, 36.  Consequently, the *Rooker-Feldman* issue raised in the Order to Show Cause is now ripe for consideration.

## II.    ALLEGATIONS OF THE COMPLAINT.

In his complaint, Plevin alleges that Cimarron Mortgage Company d/b/a The Mortgage Warehouse, A Corporation ("Cimarron") issued him a loan for $188,335.92 secured by a note and mortgage on his property.  Doc No. 1 ¶ 7.  The note reflects an undated special endorsement to CitiMortgage.  *Id.* ¶ 9.  Plevin alleges that the endorsement of the note from Cimarron directly to CitiMortgage is not consistent with the public records pertaining to the mortgage which reflect an assignment of the mortgage from Cimarron to CitiFinancial Mortgage Company Inc. ("CitiFinancial") on December 8, 2003.  *See id.* ¶¶ 8-10.  Plevin alleges that CitiMortgage merged

---

[2] On May 13, 2015, I issued an Order to Show Cause why this case should not be dismissed for lack of subject-matter jurisdiction because the complaint did not properly allege the citizenships of the parties for diversity jurisdiction purposes.  Doc. No. 15.  After Plevin failed to respond to the Order to Show Cause with sufficient evidence of the parties' citizenships, I issued a Report and Recommendation recommending that the case be dismissed for lack of subject matter jurisdiction.  Doc. No. 20.  However, after the issuance of that Report and Recommendation, Plevin submitted sufficient evidence to establish the parties' citizenships, and I withdrew my recommendation for dismissal.  *See* Doc. No. 22.

with CitiFinancial on July 1, 2006, and that the endorsement on the note directly from Cimarron to CitiMortgage constitutes a misrepresentation. *Id.* ¶¶ 11-12.

Plevin contends that CitiMortgage fraudulently filed a foreclosure action against him on February 12, 2012. *Id.* ¶ 13. He alleges that on June 22, 2012, CitiMortgage purportedly assigned the note and mortgage to US Bank, but that the note does not contain an endorsement to US Bank. *Id.* ¶¶ 14, 16. On July 13, 2012, CitiMortgage moved to substitute US Bank as the plaintiff in the foreclosure action. *Id.* ¶ 15. In support of its motion, CitiMortgage relied upon an assignment of mortgage that transferred the mortgage to US Bank, but it did not transfer the note. *Id.* ¶ 34.

Plevin alleges that US Bank and CitiMortgage entered into a scheme to knowingly make, use, or cause to be made or used, a false record in connection to a mortgage loan and foreclosure action. *Id.* ¶¶ 6, 36. He alleges that rather than providing the court with legally sufficient proof that they were authorized to enforce the note, US Bank and CitiMortgage filed fraudulent documents in order to unlawfully foreclose on Plevin's property. *Id.* ¶¶ 17-19. Plevin also alleges that US Bank and CitiMortgage failed to demonstrate that they were in physical possession of the note. *Id.* ¶¶ 39-40.

## III.  STANDARD OF REVIEW.

A court must dismiss a complaint if it determines that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). "A district court may dismiss a complaint for lack of subject-matter jurisdiction based on: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint plus undisputed facts plus the court's resolution of disputed facts." *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (per curiam)[3] (citing *Williamson v. Tucker*, 645

---

[3] Unpublished decisions of the United States Court of Appeals for the Eleventh Circuit are cited herein as persuasive authority.

F.2d 404, 413 (5th Cir. May 1981)).  "[T]he burden is on the plaintiff to prove that jurisdiction exists."  *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

## IV.    UNDISPUTED FACTS CONCERNING RELATED PROCEEDINGS.

### A.    *State Foreclosure Action.*

On February 9, 2012, CitiMortgage filed a foreclosure complaint in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2012-CA-002122-O (the "State Foreclosure Action").  Doc. No. 34-1.[4]  The foreclosure complaint alleged that CitiMortgage was the holder of a promissory note, that the promissory note was secured by a mortgage held by CitiMortgage concerning a property located at 728 Oak Leaf Court, Apopka, FL 32712 (the "Property"), and that Plevin defaulted on the promissory note and mortgage.  *Id.* at 1, 2, 13.  CitiMortgage attached the following documents to its complaint: (1) a promissory note, signed by Plevin on May 8, 2003, in favor of Cimarron that was endorsed to CitiMortgage; (2) a mortgage on the Property securing the note which was also signed on May 8, 2003; and (3) documentation indicating the merger of CitiFinancial with CitiMortgage.  *Id.* at 6-27.

On July 17, 2012, US Bank was substituted as the plaintiff in the Foreclosure Action.  Doc. No. 34-2.  On July 30, 2012, Plevin objected to the substitution.  Doc. No. 34-3.  That same day US Bank obtained a final foreclosure judgment against Plevin, which was issued after Plevin failed to appear for a hearing on a motion for summary judgment.  Doc. No. 34-4 (the "Foreclosure Judgment"); Doc. No. 34-5 ¶ 20 (reflecting that Plevin asserted that he had appeared in court on the day of the hearing but could not find his case on the docket of matters to be heard).  On August

---

[4] In response to my Order to Show Cause, CitiMortgage submitted certified copies of court documents filed in related state court proceedings.  Doc. Nos. 34-1 through 34-15.  Because the documents are public records that are certified in accordance with the requirements set forth in Fed. R. Evid. 902(1), no extrinsic evidence of authenticity is necessary in order for the documents to be admissible.  Fed. R. Evid. 902.  Although US Bank also submitted uncertified copies of some of these same state court filings, I will cite to the certified copies submitted by CitiMortgage.

8, 2012, Plevin moved to vacate the Foreclosure Judgment arguing, *inter alia*, that CitiMortgage submitted documents to the court representing that it was the holder of the promissory note and mortgage, that CitiMortgage knew that these representations were not true, and that CitiMortgage perpetuated a fraud on the court.  Doc. No. 34-5 ¶¶ 35, 41.  The motion to vacate the Foreclosure Judgment was denied on August 28, 2012.  Doc. No. 34-6.  Plevin appealed to the Florida Fifth District of Court of Appeal, Doc. No. 34-7, which affirmed the Foreclosure Judgment on June 18, 2013, Doc. No. 34-8.

       B.      *State Quiet Title Action.*

On November 14, 2012, Plevin filed an amended quiet title complaint against Cimarron, CitiFinancial, and US Bank in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2012-CA-14046 (the "State Quiet Title Action").  Doc. Nos. 34-11 through 34-12.  Plevin asked that the court to determine that the Cimarron mortgage, and any subsequent assignments of the mortgage, did not cloud his title to the Property.  Doc. No. 34-11, at 2-6.  The defendants in the State Quiet Title Action moved to dismiss the case, arguing that the State Quiet Title Action was moot in light of the Foreclosure Judgment.  Doc. No. 34-13.  The court granted the motion to dismiss on July 22, 2013.  Doc. No. 34-14.  On November 20, 2013, the court found that the litigation was frivolous and without merit, and consequently it imposed sanctions on Plevin and his counsel.  Doc. No. 34-15.

       C.      *Wrongful Foreclosure Action.*

On September 17, 2013, Plevin filed another case in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.  In his complaint against CitiMortgage and US Bank, he alleged causes of action for wrongful foreclosure, unjust enrichment, negligent misrepresentation, fraudulent misrepresentation, slander of title/petition to quiet title, violations of

the Fair Debt Collection Practices Act, violations of the Real Estate Settlement Procedures Act, negligent supervision, and false, deceptive or misleading representations.  Doc. No. 10-8.  His prayer for relief included a demand for actual and statutory damages, compensatory damages and punitive damages.  *Id.* at 14.  Plevin dismissed this case without prejudice after being served with a motion for sanctions pursuant to section 57.105(5), Florida Statutes.  Doc. No. 10, at 2.

## V.   DISCUSSION.

The *Rooker-Feldman* doctrine "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments."  *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012).  The burden is on Plevin to demonstrate that the *Rooker-Feldman* doctrine does not strip the Court of subject-matter jurisdiction.  *OSI, Inc.*, 285 F.3d at 951.

In *Exxon Mobil Corp. v. Saudi Basic Industries*, 544 U.S. 280, 284 (2005), the Supreme Court of the United States delineated the boundaries of the *Rooker-Feldman* doctrine.  The Court held that *Rooker-Feldman* only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  When addressing whether a plaintiff is a state court loser complaining of injuries caused by a state-court judgment and inviting district court review and rejection of that judgment, courts evaluate whether the plaintiff's claims are "inextricably intertwined" with the state court judgment.  *Velazquez v. S. Fla. Fed. Credit Union*, 546 F. App'x 854, 857 (11th Cir. 2013) (per curiam); *see also Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1322 n.22 (S.D. Fla. 2011), *aff'd*, 477 F. App'x 558 (11th Cir. 2012). Further, *Rooker-Feldman* does not apply where a party did not have a reasonable opportunity to raise his federal claim in the state court proceeding.  *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam).

Based on the foregoing standard, there are three issues that warrant the Court's consideration: first, whether the state court rendered its judgment before this action commenced; second, whether Plevin's claims are "inextricably intertwined" with the state court judgment; and third, whether Plevin had a reasonable opportunity to raise his federal claims in the state action. I will consider each issue in turn.

A.   *Whether the State Court Rendered its Judgment Before this Action Commenced.*

The Foreclosure Judgment was entered on July 30, 2012. Doc. No. 34-4. Plevin's motion to vacate the judgment was denied on August 28, 2012, Doc. No. 34-6, and the Florida Fifth District of Court of Appeal affirmed the judgment on June 18, 2013, Doc. No. 34-8. It does not appear that Plevin timely sought further review by the Supreme Court of Florida.[5] Thus, for *Rooker-Feldman* purposes, the Foreclosure Judgment was rendered before this action was initiated on March 13, 2015. *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1072 (11th Cir. 2013) (noting that a state court proceeding ends for *Rooker-Feldman* purposes, among other scenarios, when the state action has reached a point where neither party seeks further action). Plevin concedes this point. Doc. No. 36, at 7-8 ¶¶ 16-17.

B.   *Whether Plevin's Claims are "Inextricably Intertwined" with the State Court Judgment.*

I turn next to whether Plevin's claims are "inextricably intertwined" with the Foreclosure Judgment. A federal claim is inextricably intertwined with a state court judgment when "(1) the success of the federal claim would 'effectively nullify' the state court judgment, or . . . (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues.'" *Alvarez*, 679 F.3d at 1262-63 (quoting *Casale*, 558 F.3d at 1260).

---

[5] Under Florida Rule of Appellate Procedure 9.120(b), the time limit to file for discretionary review by the Florida Supreme Court is 30 days after rendition of the order to be reviewed.

In support of their arguments that this case is barred by *Rooker-Feldman*, Defendants each cite *Blum v. Glen Garron, LLC*, 51 F. Supp. 3d 1286 (S.D. Fla. 2014).  Because of its factual similarities to the case at bar, the analysis in *Blum* is particularly persuasive in the present case.  In *Blum*, the plaintiff alleged, *inter alia*, that the defendants conspired and committed fraud in order to wrongfully foreclose; that defendants created and caused fraudulent documents to be filed into the public records and into the state court; that the defendants did not possess an enforceable promissory note; and that as a consequence of this alleged behavior the plaintiff lost his home.  *Id.* at 1289.  Upon review of these allegations, the *Blum* court found that the plaintiff's contention was in essence that the state foreclosure was improperly granted, and that the only way that the plaintiff could have been damaged was if the loss of his home was improper.  *Id.* at 1288-89.  It reasoned that were judgment to be entered in the federal action in favor of the plaintiff, "it would necessarily follow that the state foreclosure was in error."  *Id.* at 1289.  The court also observed that "[t]o the extent Plaintiff seeks monetary damages and does not seek to overturn the state court foreclosure judgment, this has no bearing on the Court's decision as damages would only be available where there was a wrongful foreclosure."  *Id.*  As a result, the court concluded that it could not grant the plaintiff his requested relief without disturbing the foreclosure judgment.  Therefore, it found that the plaintiff's claims were inextricably intertwined with the foreclosure judgment, and that jurisdiction was barred by the *Rooker-Feldman* doctrine.  *Id.*

Similarly, in the present case Plevin has alleged that Defendants conspired and committed fraud in order to wrongfully foreclose, Doc. No. 1 ¶¶ 6, 17-19; that Defendants created and caused fraudulent documents to be filed in the public records and in the state court proceedings, *id.* ¶¶ 18, 24; that Defendants failed to show that they physically possess the note, *id.* ¶ 40; that a justiciable issue exists concerning the validity of the note, *id.* ¶ 19; and that as a result of Defendants' actions

he has lost his Property, *id.*  As in *Blum*, Plevin's contention is essentially that the state foreclosure was improperly granted, and the only way he can be successful is if the loss of his Property was improper.  If judgment were entered in this action in favor of Plevin it would necessarily follow that the state foreclosure was in error.  Under these circumstances, the Court cannot grant Plevin his requested relief without disturbing the Foreclosure Judgment.

Plevin counters that he is complaining of injuries he sustained as a result of Defendants' fraudulent actions, not injuries caused by the Foreclosure Judgment.  Doc. No. 36 ¶ 18.  Plevin also points out that he is seeking punitive damages, not reversal of the Foreclosure Judgment.  *See id.* ¶ 19.  Nevertheless, every fact he relies upon to support his claim in this case arise from actions that the Defendants took in connection with the State Foreclosure Action and his alleged damages arise from the foreclosure of his home. He presented the claims he asserts in the present case in his arguments in the State Foreclosure Action, and the state court rejected these arguments.  If this Court concludes that Plevin's claims of fraud and misrepresentation by Defendants in the State Foreclosure Action are meritorious, it would effectively declare the Foreclosure Judgment to have been fraudulently procured and thus void.[6]  *See Figueroa*, 786 F. Supp. 2d at 1324.

---

[6] Plevin states in his response to my Order to Show Cause that the *Rooker-Feldman* doctrine does not bar claims that are based upon allegations that a state-court judgment was obtained by extrinsic fraud. Doc. No. 36, at 7 ¶ 15.  Some courts have recognized an "extrinsic fraud" exception to the *Rooker-Feldman* doctrine.  These courts have held that "[a] federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake.'"  *In re Sun Valley Foods Co. v. Ficano*, 801 F. 2d 186, 189 (6th Cir. 1986) (quoting *Resolute Ins. Co. v. North Carolina*, 393 F.2d 586, 489 (4th Cir. 1968)).  The Eleventh Circuit, however, has not recognized the "extrinsic fraud" exception.  *Scott v. Frankel*, 606 F. App'x 529, 532 n.4 (11th Cir. 2015) (per curiam). Even if this Court were to recognize an "extrinsic fraud" exception, it would not apply here.  Plevin presented his fraud argument to the state court, and that court was unpersuaded by his argument.  "Fraud on the court does not occur simply because a court is unpersuaded by a party's allegation of fraud . . . ."  *Velazquez*, 546 F. App'x at 859.  Therefore, to the extent that Plevin argues that his claims are not barred because of an "extrinsic fraud" exception, that argument is unavailing.

Moreover, Plevin has repeatedly admitted that the present case is inextricably intertwined with the State Foreclosure Action.  In his response to CitiMortgage's motion to dismiss, Plevin stated that he filed his "Complaint in a Wrongful Foreclosure" in this case, Doc. No. 27 ¶ 5, that he is "defending the title to his Property," *id.*  ¶ 21, and that "[t]he chain of title with respect to the Plaintiff's loan has been broken," *id.* ¶ 28.    Therefore, like *Blum,* to the extent Plevin seeks monetary damages and does not seek to overturn the state court judgment, this has no bearing on the Court's decision as damages would only be available if there was a wrongful foreclosure.[7] *Accord Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 167 (E.D.N.Y. 2010) (finding *Rooker-Feldman* clearly applied after determining the whole purpose of the federal action was to stop and undo a foreclosure judgment even though the plaintiff labeled the relief in the complaint as seeking monetary damages), *aff'd*, 446 F. App'x 360 (2d Cir. 2011); *Figueroa*, 477 F. App'x at 560 n.3 (rejecting argument that the plaintiff's damages were accomplished through, rather than caused by, the state court's foreclosure judgment).

For these reasons, I recommend that the Court find that Plevin's claims are inextricably intertwined with the Foreclosure Judgment.

> C.    *Whether Plevin Had a Reasonable Opportunity to Raise his Claims in the State Foreclosure Action.*

Defendant US Bank contends that Plevin had a reasonable opportunity to raise his claims of fraud and misrepresentation in the State Foreclosure Action.  Doc. No. 33, at 6.  In his response to CitiMortgage's motion to dismiss, Plevin asserts that he did not have a reasonable opportunity

---

[7] I recognize that in *Kohler v. Garlets*, 578 F. App'x 862, 864 (11th Cir. 2014) (per curiam), the Eleventh Circuit held that the plaintiff's claims of violation of his federal constitutional rights by the mortgagor in state court foreclosure proceedings were independent from the state court judgment and, therefore, not barred by *Rooker-Feldman*.  Plevin raises no independent claims of violation of his federal constitutional rights in the present case.

to raise his federal claims in the State Foreclosure Action, but he did not present any evidence supporting this contention.  Doc. No. 27 ¶ 26.

US Bank's position is supported by the undisputed facts.  Although the Foreclosure Judgment was entered after Plevin failed to appear at the summary judgment motion hearing, Plevin had a reasonable opportunity to present his claims in the State Foreclosure Action.  *See Graham v. Tasa Grp., Inc.*, No. 2:13-cv-00748-LSC, 2015 U.S. Dist. LEXIS 24623, at *32-34 (N.D. Ala. Mar. 2, 2015) (finding a party had a reasonable opportunity to raise his federal claims when the federal claims could have been raised in a motion to set aside a default judgment); *see also O'Neal v. Bank of Am., N.A.*, No. 8:11-CV-107-T-17-TGW, 2012 U.S. Dist. LEXIS 25046, at *17-18 (M.D. Fla. Feb. 28, 2012) (finding parties had a reasonable opportunity to raise their federal claims when the federal claims could have been raised on the appeal following default judgment).  Indeed, the state court papers filed by CitiMortgage show that Plevin actually raised his claims as defenses in the State Foreclosure Action when he moved to vacate the Foreclosure Judgment.  Doc. No. 34-5.  Plevin also had an opportunity to raise his claims again when he appealed the trial court's refusal to vacate the Foreclosure Judgment.  Doc. No. 34-7.  Under these circumstances, I recommend that the Court find that Plevin had a reasonable opportunity to raise his claims in the State Foreclosure Action.

If the Court accepts these recommended findings, Plevin's claims fall within the confines of the *Rooker-Feldman* doctrine, as set forth in *Exxon Mobil*.  Therefore, *Rooker-Feldman* strips the court of subject-matter jurisdiction over Plevin's claims, and the complaint is due to be dismissed without prejudice.  *Crotwell v. Hockman-Lewis, Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (holding that when a court lacks subject-matter jurisdiction it has no power to render a judgment on the merits, and dismissal must be granted without prejudice).

## VI.      RECOMMENDATION.

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** this case **without prejudice** for lack of subject-matter jurisdiction and **DIRECT** the Clerk of Court to terminate all pending motions and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on September 23, 2015.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy