UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LAWRENCE M. PLEVIN,**

    **Plaintiff,**

v.                                       **Case No: 6:15-cv-412-Orl-41KRS**

**U.S. BANK NATIONAL ASSOCIATION
and CITIMORTGAGE, INC.,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on CitiMortgage, Inc.'s ("CitiMortgage") Motion to Dismiss Complaint (Doc. 10), and U.S. Bank National Association, as Trustee for Florida Mortgage Resolution Trust, Series 2012-4's ("U.S. Bank") Motion to Dismiss (Doc. 26). United States Magistrate Judge Karla R. Spaulding issued a Report and Recommendation ("R&R," Doc. 37), recommending that this case be dismissed for lack of subject-matter jurisdiction. Plaintiff filed Objections (Doc. 38) to the R&R, to which CitiMortgage filed a Response (Doc. 39). After an independent *de novo* review,[1] the Court agrees entirely with the findings of fact and conclusions of law set forth in the R&R. Plaintiff's Objections will be overruled and this case will be dismissed for lack of subject-matter jurisdiction.

---

[1] The objected-to portions of the R&R are reviewed *de novo*. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

## I. BACKGROUND[2]

The crux of Plaintiff's claims are that Defendants submitted fraudulent documents in a state court foreclosure proceeding in order to unlawfully foreclose on Plaintiff's property.[3] The state court entered a final foreclosure judgment against Plaintiff on July 30, 2012. (Final J. of Foreclosure, Doc. 34-4, at 3). Plaintiff moved to vacate the foreclosure judgment arguing, *inter alia*, that Defendants submitted fraudulent documents to the court. (Mot. to Vacate, Doc. 34-5, ¶¶ 35, 41). Plaintiff's Motion to Vacate was denied on August 28, 2012. (Order on Def.'s Mot., Doc. 34-6, at 1). Plaintiff appealed to the Florida Fifth District Court of Appeal, (Notice of Appeal, Doc. 34-7, at 1), which affirmed the foreclosure judgment, (Mandate, Doc. 34-8, at 2).

Meanwhile, Plaintiff filed a quiet title complaint in state court, seeking a determination that the mortgage at issue in the foreclosure proceeding did not cloud Plaintiff's title. (Am. Verified Compl. to Quiet Title, Doc. 34-11, at 2–6). On November 20, 2013, the court found that the litigation was frivolous and without merit, and consequently it imposed sanctions on Plaintiff and his counsel. (Order on Mot. for Sanctions, Doc. 34-15, at 1–2).[4]

## II. ANALYSIS

In the R&R, Judge Spaulding provided a thorough explanation of the *Rooker-Feldman* doctrine, which provides that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S.

---

[2] The relevant background facts relating to the mortgage and note in this case, as alleged by Plaintiff, are fully set forth in the R&R and are not challenged by Plaintiff.

[3] CitiMortgage originally filed the foreclosure complaint, and U.S. Bank was later substituted as the plaintiff in the Foreclosure Action. (*See* Compl. to Foreclose Mortg., Doc. 34-1, at 1; Obj. to Pl.'s Mot. for Substitution of Party Pl., Doc. 34-3, at 1; Final J. of Foreclosure, Doc. 34-4, at 1).

[4] According to CitiMortgage, Plaintiff also filed a state court action alleging various causes of action including wrongful foreclosure, which Plaintiff voluntarily dismissed after being served with a motion for sanctions. (CitiMortgage's Mot. to Dismiss at 2).

462, 482 (1983); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923). In other words, district courts lack jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam) (quoting *Feldman*, 460 U.S. at 482 n.16). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (quotations omitted).

Judge Spaulding concluded Plaintiff's claims were inextricably intertwined with the judgment of foreclosure. In his Objections, Plaintiff argues that his claims are not inextricably intertwined because he is not seeking to overturn the state court judgment and vacate the foreclosure; instead, he is seeking monetary damages. However, as articulated in the R&R, any award of damages to Plaintiff based on the claims asserted in this case would necessarily require this Court to determine that the foreclosure was improperly granted. Thus, Plaintiff's claims here succeed only to the extent that the state court wrongly decided the issues and are, therefore, inextricably intertwined with the state court's judgment and barred by the *Rooker-Feldman* doctrine.

Plaintiff also argues that his claims fall within the "extrinsic fraud" exception to the *Rooker-Feldman* doctrine. As correctly stated in the R&R, the Eleventh Circuit has not adopted the extrinsic fraud exception to the *Rooker-Feldman* doctrine, and at least in persuasive authority, has declined to do so. *Scott v. Frankel*, 606 F. App'x 529, 532 & n.4 (11th Cir. 2015) (per curiam) ("It is true that some of our sister circuits have recognized an extrinsic-fraud exception to *Rooker–*

*Feldman*. But we have not, and we do not do so now." (internal citations omitted)); *see also Trotter v. Ayres*, 604 F. App'x 906, 907 n.2 (11th Cir. 2015) (per curiam) (noting that the Eleventh Circuit has not adopted the extrinsic fraud exception to the *Rooker-Feldman* doctrine). Moreover, a recent unpublished Eleventh Circuit opinion indicates that Plaintiff's argument is based on intrinsic—not extrinsic—fraud, and therefore, even if the Eleventh Circuit adopted the extrinsic fraud exception, it would not apply here. *Valentine v. BAC Home Loans Servicing, L.P.*, 14-15196, 2015 WL 9461726, at *3 (11th Cir. Dec. 28, 2015) (per curiam) (determining that Plaintiff's allegations that the state court wrongly decided a foreclosure matter by relying on fraudulent evidence constituted allegations of intrinsic, not extrinsic, fraud).

Finally, Plaintiff argues that he did not have a reasonable opportunity to bring his claims in state court because, subsequent to his appeal, Plaintiff obtained a Chain of Title Analysis and Mortgage Fraud Investigation, which Plaintiff asserts support his fraud claims.[5] Plaintiff's argument is misplaced. First, Plaintiff does not explain why such evidence was not available to him during the state court proceeding. Indeed, it appears that Plaintiff simply did not seek to have such an analysis and investigation conducted at the time. Additionally, Plaintiff seems to argue that in order for him to have had a "reasonable opportunity" to bring his claims, he must have actually brought them and made all possible arguments with regard to the claims. This is incorrect. To the contrary, if Plaintiff was on notice of the basis of his claims during the state court proceeding and could have legally asserted those claims as part of the previous proceeding, he had a "reasonable opportunity" to do so. *Dale v. Moore*, 121 F.3d 624, 627 (11th Cir. 1997) (per curiam) (determining that the plaintiff had a reasonable opportunity to raise his federal claims in

---

[5] Plaintiff apparently intended to attach the Chain of Title to his Objections, but failed to do so. (Objs. at 6).

the state court proceeding because he had notice of the basis of the claim prior to filing suit); *see also Indus. Commc'ns & Elecs., Inc. v. Monroe Cnty.*, 134 F. App'x 314, 318 (11th Cir. 2005) (per curiam) (noting that the plaintiff had a reasonable opportunity to raise his federal claims in state court where the purported claims accrued during the pendency of the state court action).

Plaintiff was clearly on notice of his fraud claims during the pendency of the state court action because he actually raised the fraud argument in his motion to vacate the foreclosure judgment. The fact that Plaintiff waited until after the state court proceedings had concluded to conduct an investigation that could have been done at the time the state court action remained pending does not mean Plaintiff did not have a "reasonable opportunity" to be heard on the matter.

Accordingly, as set forth above and in the R&R, pursuant to the *Rooker-Feldman* doctrine, this Court does not have subject-matter jurisdiction over Plaintiff's claims. Plaintiff has not provided any basis for this Court to overrule Judge Spaulding's well-reasoned R&R. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 38) are **OVERRULED**.

2. The Report and Recommendation (Doc. 37) is **ADOPTED** and **CONFIRMED** and made part of this Order.

3. CitiMortgage's Motion to Dismiss Complaint (Doc. 10) and U.S. Bank's Motion to Dismiss (Doc. 26) are **GRANTED**. This case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on February 1, 2016.



Copies furnished to:

Counsel of Record
Unrepresented Party